# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: May 30, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| M.S.M. *by mother and natural guardian*, | * | |
| ERMERITA MORALES, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 14-1186V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion; |
| | * | Adjustments to Attorneys' Rates. |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

Clifford J. Shoemaker, Shoemaker, Gentry, & Knickelbein, Vienna, VA, for petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On December 10, 2014, Ermerita Morales ("petitioner"), as mother and natural guardian of M.S.M., filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that M.S.M. developed a seizure disorder as a result of receiving multiple vaccines on March 11, 2013. Id. at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 1, 2017, petitioner filed a motion for interim attorneys' fees and costs. Petitioner's Motion (ECF No. 69).  Petitioner requests $68,499.20 in interim attorneys' fees and $9,868.62 in interim attorneys' costs, for a total request of $78,367.82.  Id. at 1, 32.[3]

On May 18, 2017, respondent filed a response to petitioner's motion.  Respondent's Response (ECF No. 73).  Respondent "leaves it to the discretion of the Special Master to decide whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2.  Respondent "respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 4.  This matter is ripe for review.

## I. Interim Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e).  In addition, interim attorneys' fees and costs are permissible under the Vaccine Act.  See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008); see also Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010).  When a petitioner has yet to prove entitlement, a special master "may award an amount of compensation" for reasonable attorneys' fees and costs "if the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1)(B); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).  In this case, respondent "defers to the Special Master to decide whether the statutory requirements for an award of attorneys' fees and costs are met," but does not make any objections.  Respondent's Response at 2.  I find that this claim was brought in good faith and on a reasonable basis.

In Avera, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352. In Shaw, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.  I find that these circumstances are present here.  The claim was filed over two years ago, on December 10, 2014. After the parties agreed to proceed on a dual track, I scheduled an entitlement hearing to take place in May 2017.  That hearing was subsequently cancelled when the parties indicated they had reached a tentative settlement in the case.  However, in April 2017, the parties indicated that the settlement efforts were not successful, thereby necessitating new dates for a hearing.  Because of the volume of petitions currently in the Program, the entitlement hearing likely will not occur before November 2017.  There will likely be several months between the hearing and the issuance of an entitlement decision.  Afterwards, the case will need to proceed through the damages phase, which may also take significant time.  Petitioner has secured an expert who has submitted two reports and will testify at the entitlement hearing.  Because of the protracted nature of the proceedings to date, the fact that costly expert reports have been obtained, and the

---

[3] The motion states that the Shoemaker firm incurred $59,919.20 in interim attorneys' fees and $18,448.62 in interim attorneys' costs, for a total request of $78,367.82. Petitioner's Motion at 1.  The Shoemaker firm's "costs" include $8,580.00 in fees requested by their co-counsel, J. Robb Cecil of McGowan & Cecil, LLC.  Id. at 32.  This decision addresses both firms' costs, followed by their fees.

fact that the case will not be ultimately resolved for a significant time, I find that it is appropriate to award interim attorneys' fees and costs at this juncture.

## II.     Reasonable Attorneys' Fees and Costs

### a.  Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

### i.  Hours Expended

Petitioner requests the following hourly rates:

|  | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|
| *Shoemaker & Associates* | | | | |
| **Clifford Shoemaker** | $400 | $415 | $430 | $446 |
| **Renee Gentry** | $375 | N/A | $415 | $430 |
| **Sabrina Knickelbein** | $337 | $350 | $365 | $378 |
| *McGowan & Cecil, LLP* | | | | |
| **J. Robb Cecil** | $350 | $350 | $350 | $350 |
| **Betty Johnson** (Paralegal) | $100 | $100 | $100 | $100 |

Petitioner's Motion at 4-31, 34-41.

The Shoemaker firm's requested rates for 2012 - 2016 are within the ranges provided in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), and the Office of Special Masters' fee schedules.[4] These rates have previously been found to be reasonable and have been awarded. See, e.g., Mikkelson v. Sec'y of Health & Human Servs., No. 15-867V, 2016 WL 6803786 (Fed. Cl. Spec. Mstr. Oct. 3, 2016); Boylston v. Sec'y of Health & Human Servs., No. 11-117V, 2016 WL 3080574 (Fed. Cl. Spec. Mstr. May 10, 2016). I find that they are also reasonable and should be awarded in this case.

As I discussed in a recent case, the requested rates for Mr. Shoemaker and Ms. Gentry in 2017 are inappropriately high. Bookey v. Sec'y of Health & Human Servs., No. 13-26V, 2017 WL __ (Fed. Cl. Spec. Mstr. May 18, 2017). Each attorney's requested rate exceeds the applicable range for work performed in the Vaccine Program for that year. Id. Based on my reasoning in Bookey, I award Mr. Shoemaker $440 and Ms. Genry $424 for work performed in 2017. And as in Bookey, I award Ms. Knickelbein's requested rate of $378 for work performed in 2017.

Petitioner requests that Mr. Cecil be awarded an hourly rate of $350.00 for work from 2014 to the present. Petitioner's Motion at 41. Mr. Cecil has been practicing law since 1987. Id. at 33. He is the managing partner of his firm and specializes in personal injury law. Id. Mr. Cecil also speaks Spanish.[5] Based on his 30 years of experience and particular assistance in this case, I find that the requested rate is reasonable and should be awarded to Mr. Cecil. Petitioner requests an hourly rate of $100.00 for work performed by Mr. Cecil's paralegal, Betty Johnson. Petitioner's Motion at 41. This rate is also reasonable and should be awarded.

### ii. Hours Expended

Petitioner requests compensation for 87.3 hours entered by Mr. Shoemaker, 31.55 hours by Ms. Gentry, and 26.6 hours by Ms. Knickelbein. Petitioner's Motion at 4-31. Petitioner also requests compensation for 16.8 hours entered by attorney J. Robb Cecil and 27.0 hours entered by his paralegal Betty Johnson. Petitioner's Motion at 41. Each firm submitted adequate billing records identifying each individual and the date, increment of time, and nature of each task performed. Based on the lack of objection from respondent and my own review, the hours appear reasonable and will not be adjusted.

---

[4] See United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914.

[5] McGowan & Cecil, LLP – Profile of Managing Partner J. Robb Cecil, available at http://www.lawmcs.com/Attorneys/J-R-Cecil.shtml. Mr. Cecil's Spanish language skills are in fact necessary in this case. Petitioner, whose primary language is Spanish, contacted Mr. Cecil in August 2014. Petitioner's Motion at 35. He began organizing the file and requesting medical records. In October 2014, Mr. Cecil contacted Mr. Shoemaker, who has significant experience in the Vaccine Program. While Mr. Shoemaker is the attorney of record in the vaccine claim, Mr. Cecil seems to facilitate communication between petitioner, her counsel, her expert, and her medical providers. See Petitioner's Motion at 35-41.

      **b. Attorneys' Costs**

The requirement that attorneys' fees be reasonable also applies to costs. <u>Perreira</u>, 27 Fed. Cl. at 34 ("Not only must any request for attorneys' fees be reasonable, so must any request for reimbursement of costs"). Petitioner requests $9,868.62 in attorneys' costs. These costs are associated with obtaining medical records, filing the claim, photocopying, paying an interpreter, and paying petitioner's expert witness. Petitioner's Motion at 31-32, 42. These costs are adequately documented and appear reasonable. Therefore, they will not be adjusted.

**III. Conclusion**

Attorneys' fees and costs will be awarded as follows:

| | |
|---|---:|
| Attorneys' Fees Requested: | $68,499.20 |
| - Adjustment to Mr. Shoemaker's 2017 Rate | - $65.40 |
| - Adjustment to Ms. Gentry's 2017 Rate | - $75.30 |
| **Attorneys' Fees Awarded** | **$68,358.50** |
| **Attorneys' Costs Awarded** | **$9,868.62** |
| **Total Attorneys' Fees & Costs Awarded** | **$78,227.12** |

Accordingly, the undersigned awards:

1) **A lump sum of $78,277.12 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Clifford J. Shoemaker of Shoemaker, Gentry, & Knickelbein, for <u>interim</u> attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[6]

**IT IS SO ORDERED.**

                                                 <u>s/Thomas L. Gowen</u>
                                                 Thomas L. Gowen
                                                 Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.